IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. RAYNOVICH, EP-7844, )
    Petitioner, )
)
    v. ) Civil Action No. 09-758
)
THE ATTORNEY GENERAL OF )
PENNSYLVANIA, et al., )
    Respondents. )

Memorandum and Order

Mitchell, M.J.:

Robert E. Raynovich an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a viable basis for appeal exists, a certificate of appealability will be denied.

Raynovich is presently serving a twenty-nine to sixty-two year sentence imposed following his conviction, by the court, of rape, involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent sexual assault, indecent assault, corrupting the morals of a minor, indecent exposure, endangering the welfare of children and selling or furnishing liquor to a minor at Nos. CC: 200004603, 200004605, 200002849, 200004852, 200004854 and 200004857, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on April 20, 2001.[1]

An appeal was taken to the Superior Court in which the issues presented were:

---

[1] See: Petition at ¶¶ 1-6 and Exhibit B to the petition.

1

1. The sentencing court erred in finding Mr. Raynovich to be a sexually violent predator.

2. Trial counsel was ineffective in failing to raise several challenges to Megan's Law II and its application to this case.

3. The evidence did not support the trial court's finding that the defendant is a sexually violent predator.[2]

The judgment of conviction was affirmed on February 18, 2004.[3] and leave to appeal to the Pennsylvania Supreme Court was denied on January 18, 2005.[4]

In March 2005, the petitioner filed a post-conviction petition and relief was denied on November 22, 2006.[5] A timely notice of appeal was filed, and in his appeal the petitioner

---

[2] See: Petition at ¶ 9.

[3] Id.

[4] Id. as corrected by Exhibit B at p.6.

[5] See: Exhibit B at p.6. In denying post-conviction relief, the trial court based its determination on the fact that petitioner had failed to file a timely statement of matters complained of on appeal as required by Rule 1925(b). However, the post-conviction court further observed in its May 17, 2007 Opinion (Appendix A to Exhibit B) that:

> the petitioner would not be entitled to relief even if his Rule 1925(b) Statement had been timely filed. The petitioner raises three issues in his Rule 1925(b) Statement. The first issue is whether trial counsel was ineffective for failing to pursue witnesses to testify about the existence of bias or prejudice on the part of the Commonwealth's witnesses or to impeach these witnesses. This issue was not raised in the PCRA petition and cannot be addressed at this time.
>
> The petitioner's second and third claims challenge the constitutionality of the Sexually violent Predator assessment. The Sexually violent Predator assessment in Megan's Law II has previously been determined to be constitutional; *Commonwealth v. Kopicz.*, 840 A.2d 342 (Pa.Super.2003).

contended he was entitled to relief on the following grounds:

> 1. Has the petitioner waive all the issues raised in his concise statement of matter complained of on appeal?
>
> 2. Was direct appellate counsel ineffective for failing to raise trial counsel's ineffectiveness for failing to challenge the sexually violent predator hearing as a violation of due process, as it fails to afford defendants a hearing in a meaningful manner?[6]

On May 1, 2008, the denial of post-conviction relief was affirmed.[7] At that time, the Superior Court likewise determined that the petitioner's late filing of his concise statement of issues on appeal, waived all issues that he could have raised.[8] Thus, it was concluded that the petitioner had procedurally defaulted on the post-conviction remedies available to him in the courts of the Commonwealth. A petition for allowance of appeal to the Pennsylvania Supreme was filed and leave to appeal was denied on September 9, 2008.[9]

On June 7, 2009, Raynovich executed the instant petition. However, in his petition, he fails to set forth any grounds for relief here.[10] However, in his prayer for relief, petitioner states:

> the petitioner asks that the Court grant the following relief: to have my sentences ran concurrent and all documents, doctors reports, discover, transcripts of all trails and proceedings and D.N.A. reports so I may work on my own case (sic).[11]

Accordingly, on June 15, 2009, we entered the following Order:

---

[6] Id. at p.4.

[7] See: Appendix A to Exhibit C to the petition.

[8] See: Exhibit C, Appendix A at pp.3-4.

[9] See: 277 WAL 2008.

[10] See: Petition at ¶ 12.

[11] See: Petition at p. 15.

AND NOW, June 15, 2009, after the petitioner submitted a petition for a writ of habeas corpus, and it appearing that it is essential that the petitioner include in his first petition all potential claims for which he might desire to seek review and relief, or be barred from raising those issues at a later date, and it further appearing that all claims must be raised within the one-year statutory period provided by 28 U.S.C. 2254(d), or be forever barred, IT IS ORDERED that within twenty (20) days the petitioner elect either:

1. To have his petition ruled upon as filed understanding that he will be barred from filing a second or subsequent petition at a later date unless granted leave to do so by the United States Court of Appeals for the Third Circuit or,

2. Elect to file an all inclusive amended petition within twenty (20) days from the date of this election, or

3. Withdraw the instant petition so as to file a consolidated petition setting forth all issues in an all inclusive petition within the one-year statutory period provided by section 2244(d).

In a response dated June 17, 2009, Raynovich selected the first option, that is to have the petition ruled upon, as submitted, full well recognizing that without leave of the Court of Appeals he will be barred from filing future habeas petitions.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the conviction on direct appeal on February 18, 2004, and leave to appeal to the Pennsylvania Supreme Court was denied on January 18, 2005. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on April 18, 2005. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner filed a post-conviction petition in March, 2005, and that petition was denied on November 22, 2006. He then filed a timely appeal but failed to file his timely notice of issues complained about on appeal as required by the Pennsylvania procedural rules. For this reason, his appeal was dismissed on procedural grounds and thus not a timely petition. The instant petition was executed on June 7, 2009 or over two and a half years after the merits denial of his post-conviction petition and over a year after the denial by the Superior Court of post-conviction relief on procedural grounds occurred. Thus, the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim.

Additionally, it is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or

5

that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

6

identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, it is clear that the petitioner has procedurally failed to exhaust the available state court remedies and in addition, has failed to seek relief in the state courts on the "issue" he seeks to raise here. In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here.

Accordingly, because the petitioner has failed to file a timely petition here and has also failed to exhaust the available state court remedies, his petition here is barred. For this reason, the

7

petition of Robert E. Raynovich for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a viable basis for appeal exists, a certificate of appealability will be denied.

An appropriate order will be entered.

ORDER

AND NOW, this 30th day of June, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Robert E. Raynovich for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge